UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JIMMIE L. WASHINGTON,   Case No. 1:13-cv-10
    Plaintiff,

                                            Dlott, J.
vs                                           Bowman, M.J.


"UNKNOWN C/O,"   **REPORT AND**
    Defendant.   **RECOMMENDATION**


       Plaintiff, a prisoner in state custody at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against an "unknown" SOCF correctional officer. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

       In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

Although plaintiff mentions "C/O Spradlin" in his request for relief and states in an attached notice that Spradlin "may or may not be the correctional officer liable in this lawsuit," plaintiff brings the instant action against an "unknown" SOCF correctional officer.  (*See* Doc. 1, Complaint, pp. 4, 10 & attached "Notice to the Court").  Plaintiff alleges that on December 28, 2012, two correctional officers, one of whom was presumably Spradlin, approached his cell to conduct a search of the cell.  (*Id.*, p 5).  One of the officers, the defendant in this action, "threatened" plaintiff and told plaintiff that "he would leave [plaintiff's] cuffs loose . . . to give [the officer] a reason to bounce [plaintiff] off the bars."  (*Id.*).  Plaintiff states that "[d]espite the challenge, [he] complied and walked voluntarily to the shower where [he] was placed while they conducted their search of [plaintiff's] cell."  (*Id.*)  Plaintiff also states that when he was being returned to his cell after the search, the officer "taunted [him] the entire way down the range" while "walking closely behind [plaintiff] attempting to provoke a response."  (*Id.*).  Plaintiff claims that he did not respond to the taunts and that on arrival at his cell, the officer "forcefully

twisted" the cuff on his right hand "inflicting pain to [his] wrist." (*Id.*, pp. 5, 6). Plaintiff claims that the officer's action constituted an excessive use of force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*, p. 6). As relief, plaintiff requests $900,000 in damages and that "C/O Spradlin . . . be fired as he is on probation and such sanction is appropriate" under prison policies and guidelines. (*Id.*, p. 10). Plaintiff also requests a "permanent injunction (restraining order) from SOCF and a transfer." (*Id.*).

For the reasons set forth below, the undersigned recommends that the plaintiff's complaint be dismissed without prejudice because it is apparent from the face of the complaint that plaintiff commenced the action prematurely without first exhausting the prison's administrative remedies.

Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is mandatory and unexhausted claims cannot be brought in federal court. *Jones v. Bock,* 549 U.S. 199, 211 (2007); *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). Prisoners must exhaust the prison grievance procedure "even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85 (citing *Booth v. Churner,* 532 U.S. 731, 734(2001)).

In *Jones,* the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216 (overruling the Sixth Circuit precedent to the contrary). Although the *Jones* Court focused on the pleading standard for exhaustion under 42 U.S.C. § 1997e, the Court

also provided some guidance to lower federal courts in screening prisoner complaints under 28 U.S.C. § 1915A. Specifically, in addressing the PLRA's authorization of the "early dismissal" of complaints that fail to state a claim upon which relief may be granted, the *Jones* Court indicated that although exhaustion is an affirmative defense rather than a pleading requirement, prisoner complaints may nevertheless be subject to *sua sponte* dismissal for failure to state a claim when it is clear from the face of the complaint that the plaintiff failed to exhaust administrative remedies; the Court reasoned in pertinent part:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim *depends on whether the allegations in the complaint suffice to establish that ground,* not on the nature of the ground in the abstract. *See Leveto v. Lapina,* 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio,* 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74-75 (C.A.2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed.2004).

*Id.* at 215 (emphasis added).

Therefore, although exhaustion of administrative remedies need not be pled specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure, *sua sponte* dismissal for failure to state a claim upon which relief may be granted is appropriate on initial review of the complaint. *See, e.g., Gergely v. Warren Corr. Inst.,* No. 1:09cv757, 2009 WL 4597943, at *2-4 (S.D. Ohio Dec. 3, 2009) (Weber, J.) (*sua sponte* dismissing complaint on screening where inmate admitted in complaint

5

that he failed to utilize prison grievance procedure); *Brown v. Lebanon Corr. Inst.,* No. 1:09cv513, 2009 WL 2913930, at *3 (S.D. Ohio Sept. 9, 2009) (Dlott, J.) (same); *accord Vosburgh v. Utah State Prison,* No. 2:06-CV-1041 TC, 2008 WL 4755790 (D. Utah Oct. 29, 2008) (applying *Jones* and *sua sponte* dismissing prisoner's § 1983 complaint based on admission in the complaint that previous lawsuit stemming from same facts had been dismissed for failure to complete grievance process); *Spaulding v. Oakland Cnty. Jail Med. Staff,* No. 4:07cv12727, 2007 WL 2336216, at *3 (E.D. Mich. Aug. 15, 2007) (applying *Jones* and dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Ghosh v. McClure*, No. H-05-4122, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit."). *See also Tanner v. Fed. Bureau of Prisons,* 475 F. Supp.2d 103, 105 (D.D.C. 2007); *Leary v. A.R.U.S. Conerly*, No. 06-15424-BC, 2007 WL 1218952, at *4 (E.D. Mich. Apr. 25, 2007); *Funk v. Washburn*, No. 2:07-cv-318-FtM-29DNF, 2007 WL 1747384, at *1 (M.D. Fla. June 18, 2007).

In this case, plaintiff expressly admits in the complaint that he did not exhaust his administrative remedies prior to commencing the instant action. Plaintiff states that he did not utilize the prison grievance procedure available at SOCF because the process "may take too long," he fears for his safety, and the process "is not an adequate remedy" for plaintiff who seeks monetary relief in the instant action. (*See* Doc. 1, Complaint, p. 3).

Plaintiff's complaint conclusively shows that his lawsuit is barred by the PLRA's exhaustion requirement as the statute has been interpreted by the Supreme Court. By his own admission in the complaint, plaintiff failed to exhaust his administrative remedies in accordance with the prison grievance procedure provided by Ohio law. To the extent plaintiff contends that the grievance process is inadequate because it does not provide for monetary relief, the Supreme Court made it clear in *Woodford*, 548 U.S. at 85, that exhaustion of administrative remedies is still required "even where the relief sought," such as "monetary damages," is unavailable to the prisoner. Moreover, plaintiff's conclusory assertion that he fears for his safety and that it will take too long to pursue the grievance process is unavailing because the Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *see also Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). *Cf. Brown*, *supra,* 2009 WL 2913930, at *3 (*sua sponte* dismissing complaint where plaintiff similarly explained that he did not use the prison grievance procedure because he was "in fear of [his] own safety").

Accordingly, in sum, the undersigned concludes that because the affirmative exhaustion defense appears on the face of the complaint and suffices to establish the existence of the defense, *see Jones*, 549 U.S. at 215, plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim upon which relief may be granted at this time. *Cf. Gergely, supra*, 2009 WL 4597943, at *2-4. The dismissal of the complaint should be without prejudice to re-filing after plaintiff has exhausted the prison grievance process. Plaintiff is hereby notified that if he files a new complaint after exhausting his administrative remedies, he may be excused from paying the filing fee in the re-filed action, "but only if asserts claims identical to those asserted here." *See Fogarty v. Marrero,* No. 5:11-CV-426-KKC, 2012 WL 3105489, at *3 (E.D. Ky. July

30, 2012) (citing *Owens v. Keeling,* 462 F.3d 763, 772-73 (6th Cir. 2006)); *see also Caldwell v. Caruso*, No. 1:09cv1093, 2010 WL 2720796, at *1 n.1 (W.D. Mich. June 2, 2010) (Report & Recommendation), *adopted*, 2010 WL 2720805 (W.D. Mich. July 7, 2010).  Plaintiff is further notified that he is not permitted to amend the instant complaint to allege and show exhaustion. *See Whitaker v. Gannon*, No. 1:07cv521, 2007 WL 2744329, at *3 (S.D. Ohio Sept. 19, 2007) (Dlott, J.) (citing *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002)).

### IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2.  The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JIMMIE L. WASHINGTON,<br>      Plaintiff, | Case No. 1:13-cv-10 |
| vs | Dlott, J.<br>Bowman, M.J. |
| "UNKNOWN C/O,"<br>      Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc